UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 2 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DOUGLAS J. MUELLER, )
 )
      Plaintiff, )
 )
v. ) Civil Case No. 04-1711 (RJL)
 )
GORDON R. ENGLAND, and )
DEPARTMENT OF THE NAVY, )
 )
      Defendants. )

## MEMORANDUM OPINION
(August 15, 2005) [# 10, # 15]

Lieutenant Commander ("LCDR") Douglas Mueller, the plaintiff in this action, is an active duty member of the Navy. He brings this action against the Department of the Navy ("Navy") and Gordon England, the Secretary of the Navy ("England" or "the Secretary"), to correct his military record and to convene a special selection board ("SSB"). In his complaint, LCDR Mueller asks the Court to: (1) set aside two decisions by the Board for Correction of Naval Records ("BCNR") because they violated the Administrative Procedures Act ("APA"), (2) amend his military record pursuant to the Privacy Act, and (3) set aside the Secretary's decision not to convene a SSB pursuant to 10 U.S.C. § 628. Before the Court are Defendants' Motion to Dismiss and Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment. For the following reasons, the Court GRANTS Defendants' Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment.

## ANALYSIS

Summary judgment is appropriate when the record before the Court demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering a summary judgment motion, the Court will view the facts and all reasonable inferences in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The moving party may support its motion by relying on "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" to demonstrate that there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). The nonmoving party may not rely solely on allegations and conclusory statements to oppose summary judgment; instead, "an adverse party's response, by affidavits or [otherwise,] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### I.     Privacy Act Claim (Count II)[1]

The Privacy Act provides that an agency must maintain all records used by it in making determinations about individuals "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in determination." 5 U.S.C. § 552a(e)(5). The Court's review under this provision is *de*

---

[1]     The Court finds that defendants' arguments in support of the motion to dismiss Count II are without merit.

*novo. Id.* § 552a(g)(2)(A); *see also White v. OPM*, 787 F.2d 660, 662 (D.C. Cir. 1986).

The Secretary of Navy Instructions ("Navy Instructions")[2] require that an individual's record must be "accurate, relevant, timely, complete, and necessary." 32 C.F.R. § 701.110(e). An individual may request an amendment to correct factual matters, but "not matters of opinion (i.e., information contained in evaluations of promotion potential or performance appraisals)." *Id.* § 701.110(a). Thus, the initial issue before this Court is whether the inclusion of the original fitness report signed by Rear Admiral ("RADM") Weiss on November 16, 1999 ("original fitness report") in LCDR Mueller's file renders his naval record "inaccurate."

Pursuant to the Navy Instructions, naval records are accurate if they are factually accurate. 32 C.F.R. § 701.105(b)(1). On March 7, 2002, RADM Weiss, LCDR Mueller's reporting senior during the relevant time period, submitted a memorandum entitled "Supplemental Fitness Report," which indicated that "[o]n reflection, the marks I assigned on the original report when compared to the recorded comments on LCDR Mueller's performance and my recollection of the officer's performance were harsher than required." R. at 9. After the Fiscal Year 2002 commander promotion board denied LCDR Mueller a promotion, RADM Weiss submitted a statement to the Secretary of the Navy, which stated that he submitted the amended fitness report "based upon new information...[, which] convinced [him] that the contested original fitness report was

---

[2] The Secretary of the Navy Instructions contain, among other things, the Navy's policies and procedures governing the implementation of the Privacy Act Program and are codified at 32 C.F.R. §§ 701.100 - 701.119.

inaccurate and needed to be corrected." R. at 109. The only changes on the amended report, however, were increased performance trait classifications. R. at 11-14. Nothing in RADM Weiss's statement, submitted contemporaneously with the amended report, indicates that new facts were the basis of his amendments. *See* R. at 9-10. Therefore, the Court is unaware of any new facts that RADM Weiss relied on to amend the performance traits he attributed to LCDR Mueller and is not convinced that the performance traits originally assigned to LCDR Mueller were based on *inaccurate* facts.

Moreover, the Court finds that the performance traits that were the basis of the Supplemental Fitness Report fit clearly within the matters of opinion that may not be amended pursuant to Navy Instructions. 32 C.F.R. § 701.110(a). And, although "[a]n agency may not refuse a request to revise or expunge prior professional judgments once all the facts underlying such judgments have been thoroughly discredited," *R.R. v. Dep't of the Army*, 482 F. Supp. 770, 774 (D.D.C. 1980), there are no facts that have been discredited in this record.

Under the Privacy Act, the Court must review the record to "eliminate clear mistakes of fact, inaccurate opinions based solely upon such erroneous facts, and plainly irresponsible judgments of performance or character." *Hewitt v. Grabicki*, 794 F.2d 1373, 1378 (9th Cir. 1986). Where the plaintiff fails to "attack with particularity the accuracy of the purely factual incidents related to those comments so as to reveal a genuine dispute of fact...there is no demonstration of a substantial controversy regarding factual assertions or historical fact statements." *Id.* at 1379. Here, LCDR Mueller has not

specifically identified *any* incorrect facts that formed the basis of RADM Weiss's opinion relating to his performance traits. Accordingly, the Court finds that the defendants are entitled to judgment as a matter of law because the agency has not violated the Privacy Act by refusing to amend LCDR Mueller's naval record.

## II.   APA Claim (Count I)

Judicial review of an administrative agency's decision is authorized by the APA. 5 U.S.C. §§ 701-706. Under the APA, this Court may only set aside agency action that is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Our Circuit has found that when reviewing decisions regarding the correction of military records pursuant to 10 U.S.C. § 1552, the Secretary "must give a reason that a court can measure, albeit with all due deference, against the 'arbitrary or capricious' standard of the APA." *Kreis v. Secretary of the Air Force*, 866 F.2d 1508, 1514-15 (D.C. Cir. 1989). The plaintiff bears the burden of establishing that the agency's action violated the APA "by providing cogent and clearly convincing evidence." *Stem v. England*, 191 F. Supp. 2d 1, 3 (D.D.C. 2001). Moreover, the plaintiff must "overcome the presumption that military administrators discharge their duties correctly, lawfully, and in good faith." *Id.* (internal quotation marks omitted).

In this case, LCDR Mueller challenges the BCNR's decisions from the sessions dated January 16, 2003 and July 29, 2004. On January 21, 2003, the BCNR notified LCDR Mueller that his request to correct his naval record was denied because "[t]hey were unable to find specific information to justify the reporting senior's revision of your

evaluation." R. at 102. Similarly, on August 2, 2004, the BNCR notified LCDR Mueller that it did not reconsider his request to replace the original fitness report with the supplemental report because "you have provided no new and material evidence or other matter not previously considered. The report senior's letter of 16 October 2003 gives no specific information to explain his decision to give you a more favorable evaluation." R. at 29.

LCDR Mueller argues that the BCNR decisions are arbitrary and capricious and contrary to law because the Navy "failed to follow [its] own recordkeeping standards." Pl. Opp'n at 25. As discussed above, this Court finds that the Navy did not violate the Privacy Act. Moreover, the BCNR decisions provide the Court with a sufficient basis to determine that the decisions do not violate the APA. Accordingly, the defendants are entitled to judgment as a matter of law on the APA claim.[3]

---

[3]   As mentioned by LCDR Mueller in his complaint, "the amendment of plaintiff's military record under Count One or Count Two will have a material effect upon the determination to provide plaintiff with a SSB." Compl. ¶ 27. Since the Court finds that maintaining the original fitness report in LCDR Mueller's record does not violate the Privacy Act or the APA, a SSB would have nothing new or different to consider, and this claim is moot.

6

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion for summary judgment and denies plaintiff's motion for summary judgment. An order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge